**IN THE UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HIGHLINE INNOVATION INVESTMENT PARTNERSHIP, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> BIOLERT, LTD.; GUY WILNAI; RUBEN KUZNIECKY; URI KRAMER; HEZY SHALEV, <br><br>  Defendants. | Case No. 4:21-CV-00615-ALM <br><br><br> JURY TRIAL DEMANDED |

**HIGHLINE INNOVATION INVESTMENT PARTNERSHIP, LLC'S OPPOSITION TO**
**DEFENDANTS DR. RUBEN KUZNIECKY, GUY WILNAI, AND HEZY SHALEV'S**
**CONSOLIDATED MOTION TO DISMISS**

Robert Kiddie
State Bar No. 24060092
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
Email: rkiddie@devlinlawfirm.com

*Attorneys for Plaintiff Highline Innovation*
*Investment Partnership, LLC*

DATED:      November 19, 2021

Plaintiff Highline Innovation Investment Partnership, LLC ("Highline") files this response to Defendants Dr. Ruben Kuzniecky's, Guy Wilnai's, and Hezy Shalev's Consolidated Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) and 9(b) ("Motion to Dismiss").  (Dkt. 12.)  For the reasons set forth below, the Motion should be denied in its entirety.

## I.    FACTUAL BACKGROUND

Plaintiff filed its Complaint against defendants on August 4, 2021, alleging six counts against defendants: (1) common law fraud; (2) fraud by non-disclosure; (3) fraud in the inducement; (4) lifting the corporate veil; (5) negligent misrepresentation; and (5) violations of the Texas Deceptive Trade Practices Act.  (Dkt. 1.)

On August 30, 2021, waivers of service were filed for defendants Guy Wilnai, Ruben Kuzniecky, and Hezy Shalev (collectively "the Moving Defendants") extending the deadline for the Moving Defendants to answer or otherwise respond to October 29, 2021.  (*See* Dkts. 8-10.) On October 26, 2021, the Moving Defendants filed their Motion to Dismiss.  (Dkt. 12.)

Pursuant to Local Rule CV-7(e), Highline had fourteen days to respond to the Moving Defendants' Motion to Dismiss.  In a meet and confer regarding the Moving Defendants' co-pending Motion to Stay (Dkt. 15), the parties discussed extending the deadlines under the local rules to serve the parties' respective response and reply to the Motion to Dismiss.  While the parties dispute whether Highline requested an extension to file an amended complaint during the meet and confer, the parties ultimately agreed to extend Highline's deadline to file a response to the Motion to Dismiss to November 19, 2021, and to extend the Moving Defendants' deadline to file a reply to December 6, 2021.

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Highline filed its First Amended Complaint (Dkt. 20) on November 16, 2021.

## II.   RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED

Under certain conditions, Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course without seeking leave of court or the consent of the adverse party. *Hale v. Denton Cty.*, No. 4:19-cv-337-ALM, 2019 U.S. Dist. LEXIS 190501, at *5 (E.D. Tex. 2019).  "A party may amend its pleading once as a matter of course within: 21 days after serving it, ***or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),*** whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(b) (emphasis added).  Pursuant to Rule 12(a), Highline's Complaint (Dkt. 1) is a pleading to which a responsive pleading is required.   "A defendant must serve an answer: within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."  Fed. R. Civ. P. 12(a).  The Moving Defendants served their Motion to Dismiss pursuant to Rule 12(b)(6) on October 26, 2021.  (Dkt. 12.)  On November 16, 2021, pursuant to Fed. R. Civ. P. 15(a)(1)(b), Highline filed its First Amended Complaint.  (Dkt. 20.)  Given the filing of Highline's First Amended Complaint, is the Moving Defendants' Motion to Dismiss rendered moot?

## III.   ARGUMENT

The Moving Defendants have filed a Motion to Dismiss (Dkt. 12) Highline's original Complaint (Dkt. 1).  Highline has since filed its First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).  (Dkt. 20.)  Accordingly, the original Complaint has been superseded by the First Amended Complaint and the Motion to Dismiss should be denied as moot.  Out of an abundance of caution, Highline files this response to the Moving Defendants' Motion to Dismiss.

Courts in this district have routinely held that a timely filed amended complaint renders moot a previously filed motion to dismiss. *Adams v. Medtronic, Inc.*, No. 4:19-cv-870-SDJ-KPJ, 2020 U.S. Dist. LEXIS 182884, at *2 (E.D. Tex. 2020) ("Plaintiffs amended their complaint as a matter of course . . . [a]ccordingly, the motion to dismiss was denied as moot."); *Akoloutheo, LLC v. Sys. Soft Techs.*, No. 4:20-cv-985-ALM, 2021 U.S. Dist. LEXIS 92015, at *3 (E.D. Tex. 2021) ("Subsequently, [plaintiff] filed an amended complaint and the Court denied [defendant's] first motion to dismiss as moot."); *Prescott v. Denton Cty. Jail*, No. 4:16-cv-879, 2018 U.S. Dist. LEXIS 163077, at *2 (E.D. Tex. 2018) ("Defendants' motion to dismiss is now moot as it is based upon the Amended Complaint, and Plaintiff's Second Amended Complaint has taken its place.").

Highline timely filed its First Amended Complaint (Dkt. 20) within 21 days of being served with a motion under Rule 12(b).  *See* Fed. R. Civ. P. 15(a)(1)(B).  Highline's First Amended Complaint, therefore, nullified and superseded the original complaint (Dkt. 1) to which the Moving Defendants' Motion to Dismiss is directed.  *McMurdy v. Bos. Sci. Corp.*, No. 2:19-CV-301-JRG, 2019 U.S. Dist. LEXIS 199861, at *3 (E.D. Tex. 2019) ("The greater weight of the authority favors the view that a pending motion to dismiss addressed to the original complaint is mooted by the filing of the amended complaint.  That view most readily comports with the well-settled principle that an amended complaint nullifies and supersedes the original complaint."); *Ultravision Techs., LLC v. Eaton Corp. PLC,* No. 2:19-cv-290-JRG, 2019 U.S. Dist. LEXIS 194295, at *3 (E.D. Tex. 2019) (same); *Uniloc 2017 LLC v. Cardo Sys.*, No. 2:18-cv-510-JRG, 2019 U.S. Dist. LEXIS 135783, at *2 (E.D. Tex. 2019) (same).

Because the pleading to which the Moving Defendants' Motion to Dismiss is directed has been superseded by Highline's First Amended Complaint, the Court should deny as moot the Motion to Dismiss.

## IV.   CONCLUSION

For the reasons set forth above, Highline respectfully requests that this Court deny the

Moving Defendants' Motion to Dismiss in its entirety.


Date: November 19, 2021                          DEVLIN LAW FIRM LLC


                                                 /s/ Robert Kiddie
                                                 Robert Kiddie
                                                 State Bar No. 24060092
                                                 1526 Gilpin Avenue
                                                 Wilmington, Delaware 19806
                                                 Telephone: (302) 449-9010
                                                 Facsimile: (302) 353-4251
                                                 Email: rkiddie@devlinlawfirm.com

                                                 *Attorneys for Plaintiff Highline Innovation*
                                                 *Investment Partnership, LLC*




## CERTIFICATE OF SERVICE


I hereby certify that on November 19, 2021, 2021, I caused the foregoing to be

electronically filed with the Clerk of the Court using CM/ECF, which will send notification of

such filing to all registered participants.



                                                 /s/ Robert Kiddie
                                                 Robert Kiddie



4