# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HIGHLINE INNOVATION INVESTMENTS PARTNERSHIP, LLC, § § § § § § § § § § §  *Plaintiff,*  v.  BIOLERT, LTD.,  *Defendant.* | Civil Action No. 4:21-cv-00615 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment Against Defendant Biolert, Ltd. (Dkt. #60). Having considered the motion and relevant pleadings, the Court finds the motion should be **DENIED.**

### BACKGROUND

The facts of this case have been more fully set forth in the Court's Memorandum Opinion and Order on August 12, 2022 (Dkt. #46). Briefly, however, this case involves a contractual dispute that arises out of the international acquisition of intellectual property rights pertaining to seizure asset technology. Plaintiff Highline Innovation Investments Partnership, LLC ("Highline") asserts that Defendant Biolert, Ltd. ("Biolert") made false representations about its technology before Highline entered into a contract with Biolert in February 2019.

On August 4, 2021, Highline filed its original complaint against Biolert and four other individuals for common law fraud, fraud by nondisclosure, fraud in the inducement, lifting the corporate veil, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") (Dkt. #1). On September 12, 2021, Highline served Biolert with a summons and a copy of the complaint (Dkt. #11).

But, thereafter, Biolert did not answer or otherwise appear in this case. So, on November 16, 2021, Highline requested the Clerk to enter default against Biolert (Dkt. #18). That same day, however, Highline filed its First Amended Complaint, adding an additional claim against Biolert for breach of the implied warranty of merchantability (Dkt. #20). The Clerk entered default as to Biolert on the on the following day (Dkt. #21).

On January 30, 2022, Highline served Biolert with a copy of the First Amended Complaint and a copy of the original summons the Clerk issued for the original complaint (Dkt. #34). Once more, Biolert did not answer or otherwise appear. Thus, at Highline's request, the Clerk again entered default against Biolert (Dkt. #36). On November 30, 2022, Highline filed the pending motion, asserting that the Court should enter default judgment as to Biolert on the facts alleged in Highline's First Amended Complaint (Dkt. #60).

## LEGAL STANDARD

A default judgment is a "judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). It does not, however, establish the "quantity of damages" a defendant owes. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). "Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment." *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing FED. R. CIV. P. 55(b)(2)).

There are three steps to obtain a default judgment under the Federal Rules of Civil Procedure. *Nestor v. Penske Truck Leasing Co., L.P.*, No. 4:14-CV-036-DAE, 2015 WL 4601255, at *2 (W.D. Tex. July 29, 2015) (citing *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when a defendant does not plead or otherwise respond to a complaint within

the time required by the Federal Rules. *N.Y. Life Ins.*, 84 F.3d at 141; *see* FED. R. CIV. P. 12(a). Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Finally, as in this instance, a plaintiff may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted); *see AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973-L, 2017 WL 5626356, at *1 (N.D. Tex. Nov. 22, 2017) (quoting *Sun Bank*, 874 F.2d at 276) (explaining that default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party") (internal quotation marks omitted)). While "[t]he Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co.*, 2013 WL 145502, at *2 (cleaned up) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Rule 55(b)(2) grants district courts wide latitude in this determination, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And even though entry of a default judgment is reviewed for abuse of discretion, *Sindhi v. Raina*, 905 F.3d 327, 330 (5th Cir. 2018), because of "the seriousness of a default judgment, . . . 'even a slight abuse of discretion may justify reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (brackets omitted) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)).

## ANALYSIS

Highline asserts that default judgment is both procedurally and substantively warranted

3

based on the allegations made in its First Amendment Complaint, and the relief it requests is appropriate (Dkt. #60).  Therefore, according to Highline, it is entitled to default judgment against Biolert.

However, before addressing that issue, the Court must ask if Highline properly served Biolert with the First Amended Complaint.  *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (citation omitted) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside . . . ."); *Arceneaux v. Davidson*, 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004) (citations omitted) ("The law is clear, that is, that unless there has been valid service of process, a default judgment may not be entered.").  Here, Highlight failed to serve its First Amended Complaint in conformance with the Federal Rules of Civil Procedure.  Therefore, the Court denies its current motion.

While service of the original complaint is governed by Rule 4 of the Federal Rules of Civil Procedure, the service of any other pleading, including the amended complaint, is dictated by Rule 5 of the Federal Rules.  *See Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005); *Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022).  Rule 5 provides that service on a defaulting party is not required unless the pleading "asserts a new claim for relief against such a party . . . ." FED. R. CIV. P. 5(a)(2).  If the pleading *does* assert a new claim for relief, however, then the party must be served in accordance with Rule 4.  *Id.*  Notably, Rule 5(a)(2)'s application "does not hinge on whether the court has actually adjudicated the party as being 'in default' or not," but rather, whether the party has failed to appear in the case. *IBEW Local 595 Health & Welfare Tr. Fund v. Givens Elec., Inc.*, No. C 09-06076 RS, 2011 WL 2414346, at *1 (N.D. Cal. June 15, 2011) (collecting cases); *see also Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) ("Rule 5(a)

4

service is proper only after a party has appeared in an action.  The purpose of the rule . . . cannot be fulfilled until a litigant has appeared and established an attorney of record."); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1146 (4th ed. 2023) ("The service provisions of Rule 5 apply only to parties who have appeared.  Thus it is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4.").

When Highline filed its First Amended Complaint, it had the obligation to serve Biolert in accordance with Rule 4.  The First Amended Complaint raised a new cause of action against Biolert, specifically, for breach of the implied warranty of merchantability.  *Compare* (Dkt. #1), *with* (Dkt. #20).  Furthermore, Biolert had yet to appear in the case, evidenced by Highline requesting the Clerk to enter default against Biolert on the same day Highline filed the First Amended Complaint.  Accordingly, Rule 5(a)(2), and by proxy Rule 4, applies—even if Biolert was not technically in default at the time Highline filed the First Amended Complaint.  *See S. Pac. Transp. Co.*, 753 F.2d at 449 n.7; *see also* FED. R. CIV. P. 5(a)(2) (requiring service per Rule 4 against defaulting party when pleading "asserts a new claim for relief against such party").

Thus, the critical issue is whether Highline properly served Biolert under Rule 4.  Under the Rule, a party must serve an opposing a party with a copy of the complaint and a summons. FED. R. CIV. P. 4(c)(1).  And a "valid summons is issued when a plaintiff, '*on or after filing the complaint*,' presents 'a summons to the clerk for signature and seal.'"  *Wallace v. City of Washington*, No. 14-CV-1457, 2015 WL 758447, at *2 (C.D. Ill. Feb. 23, 2015) (emphasis in original) (quoting FED. R. CIV. P. 4(b)); *see also Teasley v. Stein*, No. 1:20-CV-1166, 2022 WL 715923, at *3 (M.D.N.C. Mar. 10, 2022).

Here, Highline apparently used a copy of the original summons in this case along with a

copy of the First Amended Complaint when it served Biolert (Dkt. #34); (Dkt. #35).  However, that summons does not comply with Rule 4 because it was issued *before* Highline filed its First Amended Complaint—not "on or after" the First Amended Complaint was filed.  *See* FED. R. CIV. P. 4(b); *Wallace*, 2015 WL 758447, at *2.  As such, Highline failed to properly effectuate service of process.  Therefore, the Court will not enter default judgment against Biolert.  *See Wallace*, 2015 WL 758447, at *2 (denying motion for default judgment when summons was issued before amended complaint was filed); *see also Kajeet, Inc. v. Infoweise Pty., Ltd.*, No. 6:21-CV-00704-ADA, 2022 WL 2789241, at *2 (W.D. Tex. July 15, 2022) ("[T]his Court cannot enter default judgment if the Defendant was not properly served).[1]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant Biolert, Ltd. (Dkt. #60) is hereby **DENIED.**

**IT IS SO ORDERED.**
SIGNED this 7th day of June, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Highline wishes to pursue a motion for default judgment based on the original complaint, the Court would be willing to entertain such a motion.  Alternatively, Highline may attempt to properly serve Biolert with the First Amended Complaint.